THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
STEVEN WILLEY, Defendant-Appellant.

Third District   No. 79-939

Opinion filed July 15, 1980.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's
Office, of Ottawa, for appellant.

John R. Clerkin, State's Attorney, of Macomb (John X. Breslin and Kenneth
A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel),
for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

This is an appeal by defendant, Steven Willey, from his convictions
for aggravated battery and resisting a peace officer. As a result of being
found guilty of these charges, defendant was sentenced to concurrent
terms of imprisonment of 2 years for aggravated battery, and 364 days for
resisting a peace officer.

Tried with defendant was his brother, codefendant Randy Willey,
whose appeal has been addressed in a separate opinion. (*People v. Willey*
(1980), 85 Ill. App. 3d 749.) Since the facts pertinent to this appeal are
fully set forth in the opinion in No. 79-938, those facts need not be restated
here. In addition, the issues common to both appeals were also decided in
the opinion for No. 79-938 and require a reversal and remandment for a
new trial in this cause as well. Moreover, it was decided that defendant's
bail-bond deposit was properly used as a fund from which the county
could be reimbursed for the services of the public defender based on an
unjust enrichment theory without considering the constitutionality of
section 110—7(g) of the Code of Criminal Procedure of 1963 (Ill. Rev.
Stat., 1978 Supp., ch. 38, par. 110—7(g)).

Since reversal and remandment is required, we need not consider whether defendant's conviction for resisting a peace officer must be vacated on the ground that it is carved from the same physical act as his aggravated battery conviction. In order to provide guidance to the trial court on remandment, we must, however, determine whether a jury instruction tendered by defendant on the justifiable use of force in defense of a person should have been given.

A jury instruction patterned on Illinois Pattern Jury Instructions, Criminal, No. 24.06 (2d ed. 1971) may be given where the accused is charged with resisting arrest and is required to be given when the defendant has presented some evidence from which a jury could find each element of the affirmative defense. (*People v. Athey* (1976), 43 Ill. App. 3d 261, 356 N.E.2d 1332.) Here, defendant testified that someone unknown to him clubbed him from behind and he, therefore, defended himself. If the jury believed defendant, the jury could find defendant was justified in using force to defend himself.

The State argues that the refusal to give this instruction was harmless. Whether the refusal to give the instruction would ordinarily be harmless error need not be decided, however, since a reversal and remandment is required on other grounds.

For the foregoing reasons, the judgment of the Circuit Court of McDonough County is reversed and the cause is remanded for a new trial to be conducted in accordance with this opinion.

Reversed and remanded.

ALLOY, P. J., and SCOTT, J., concur.