187 N.J. Super. 107 (1982)
453 A.2d 910
BOROUGH OF BELMAR, PLAINTIFF-APPELLANT,
v.
ELIZABETH BUCKLEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 5, 1982.
Decided October 22, 1982.
*108 Before Judges MICHELS, PRESSLER and TRAUTWEIN.
Joseph Hillman, Jr., argued the cause for appellant (Hillman, Carey, Badach & Sullivan, attorneys).
Lawrence M. Lawson argued the cause for respondent.
PER CURIAM.
Defendant Elizabeth Buckley was convicted by the Belmar Municipal Court of a violation of that provision of the borough ordinance prohibiting indecent exposure. On her appeal to the Superior Court, Law Division, the conviction was reversed without consideration of the merits, on the ground that the subject matter of the ordinance was preempted by statute. The borough appeals. We reverse.
The municipal prosecution was based on the fact that defendant had sunbathed on a public beach wearing only the bottom *109 portion of a bikini bathing suit. According to the borough's proofs at trial, she was observed by the complaining witness, a Belmar police officer, lying on her back, clad only in the bikini bottom and surrounded by a three-sided wind screen which afforded visibility of the enclosed area from at least one direction. It was his further testimony that upon defendant's becoming aware of his approach, she covered her chest with a straw hat. Defendant testified that she sunbathed in that manner because of the unsightly marks on her skin which would be caused by the bikini top as she tanned and because the bikini top was in any event uncomfortable. She kept the straw hat at hand to cover herself in the event a person approached towards the open side of the wind screen to whom she might be visible.
The municipal court judge, rejecting defendant's arguments that the subject matter of the ordinance was preempted and that the ordinance itself was unconstitutionally vague, found her guilty on these facts of a violation of Belmar Ordinance 5-1.2, which, in its then form, read as follows:

Indecent Exposure It shall be unlawful for any person to appear or travel on any street, avenue, highway, road, boardwalk, beach, beach front or waterway located in the Borough of Belmar, or to appear in any public place, store, or business in said borough in a state of nudity or in an indecent or lewd dress or garment, or to make any indecent or unnecessary exposure of his or her person.
On her appeal to the Law Division, defendant again raised her legal objections to the prosecution. The trial judge did not consider the merits of the conviction. Nor did he address the vagueness argument. He did, however, agree with the preemption claim and acquitted on that basis.[1] We are satisfied that he erred in so doing.
The preemption contention is based on N.J.S.A. 2C:14-4, which classifies the disorderly persons offense of lewdness as a sexual offense and defines it as follows:

*110 A person commits a disorderly persons offense if he does any flagrantly lewd and offensive act which he knows or reasonably expects is likely to be observed by other non-consenting persons who would be affronted or alarmed. "Lewd acts" shall include the exposing of the genitals for the purpose of arousing or gratifying the sexual desire of the actor or of any other person.
The question is simply whether by this enactment the Legislature intended to preclude a municipality from prohibiting public nudity of a character which does not rise to the level of lewdness as therein defined but which it nevertheless regards as indecent by prevailing community standards. We conclude that it did not.
The preemption of municipal ordinances resultant from provisions of New Jersey Code of Criminal Justice, N.J.S.A. 2C:1-1 et seq., is specifically addressed by N.J.S.A. 2C:1-5(d), which provides:
Notwithstanding any other provision of law, the local governmental units of this State may neither enact nor enforce any ordinance or other local law or regulation conflicting with, or preempted by, any provision of this code or with any policy of this State expressed by this code, whether that policy be expressed by inclusion of a provision in the code or by exclusion of that subject from the code.
This provision is consistent with well settled case law principles by which municipalities are precluded from exercising their delegated police powers on preemption grounds only if a legislative enactment is intended to exclusively occupy the legislated area, or if the municipal ordinance conflicts with the objectives, policy or provision of state law, or if the subject matter is one requiring by its nature a uniform state-wide approach, or if the state law is so "pervasive or comprehensive that it precludes coexistence of municipal regulation." Overlook Terrace Mgmt. v. West New York Rent Control Bd., 71 N.J. 451, 461-462 (1976). See, also, Dome Realty Inc. v. Paterson, 83 N.J. 212 (1980); *111 Inganamort v. Fort Lee, 62 N.J. 521 (1973); Summer v. Teaneck, 53 N.J. 548 (1969); State v. Crawley, 90 N.J. 241 (1982).
The ordinance here meets none of the tests of preemption. Most significantly, the legislative history of N.J.S.A. 2C:14-4 compels the conclusion that the Legislature not only did not intend thereby to exclusively occupy the field of public nudity but that to the contrary it specifically intended to leave to municipalities the regulation of such nudity as is not comprehended by the lewdness definitions. N.J.S.A. 2C:14-4 in its present form combines two separate sections proposed by the Final Report of the New Jersey Criminal Law Revision Commission, 1971. The first, proposed 2C:14-5, encaptioned "Indecent Exposure," was essentially the same as 2C:14-4, as adopted, but it limited the proscribed conduct to exposure of the genitals. The second, proposed 2C:34-1, was essentially the same as the first sentence of 2C:14-4, as enacted.[2] The Commentary to proposed § 2C:14-4 makes clear that its purpose was not to address lewdness or indecent behavior broadly but rather to classify the proscribed conduct as a form of sexual aggression. See II Final Report, supra at 200-201. The Commentary to proposed 2C:34-1, Final Report, supra at 301, explains, moreover, that
In keeping with our position on private sexual conduct, such private acts are excluded from this Section. Further, even the public acts prohibited by the Code are more limited than is generally the case under existing legislation. Sometimes legislation against indecency has been construed as applicable to cult nudism. This would not be so under our formulation since we require awareness of likelihood of affronting observers. Nor would our provisions reach debatable brevity of attire on the beaches, since we condemn "lewdness" rather than the less definite "indecency". Control of dress, if desirable, had best be accomplished by regulatory ordinances outside the scope of this Code. [Emphasis supplied]
The Commentary thus makes it clear that public lewdness and indecency are distinct categories of conduct and that the Code intended to address only the former, leaving the latter to *112 municipal regulation pursuant to and consistent with the scope of the delegated municipal police power.
Nor are any of the other tests of preemption met here. The problem of public nudity, at least in the present context, is one of obviously particular, if not virtually exclusive, concern to the seashore resort communities of the State and is not one requiring a uniform state-wide approach. Singularly applicable here is the observation of Chief Justice Weintraub in Inganamort v. Fort Lee, supra, 62 N.J. at 528, that as a generality and except for such subjects as to which there is no local variation in nature or intensity,
... the Legislature may invest in local government the police power to devise measures tailored to the local scene. The Legislature may decide to do so for sundry reasons. A problem may exist in some municipalities and be trivial or nonexistent in others. And if the evil is of statewide concern, still practical considerations may warrant different or more detailed local treatment to meet varying conditions or to achieve the ultimate goal more effectively.
We conclude, therefore, that nothing in the statutory scheme precluded Belmar from adopting an ordinance prohibiting public nudity.
Although the Law Division did not decide defendant's vagueness argument, we are satisfied that the ordinance in this respect met constitutional muster since it gave a person of ordinary intelligence fair notice of the nature of the prohibited conduct.[3]See, e.g., Papachristou v. City of Jacksonville, 405 *113 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); State v. Monteleone, 36 N.J. 93, 99 (1961).
The meaning of portions of the ordinance may be debatable. Nevertheless, we have no doubt that the proscription against "indecent or unnecessary exposure" of the person would unmistakably apprise persons of ordinary intelligence that topless sunbathing on a public beach in the summertime by a female adult lying on her back is prohibited. We recognize that that might not be so in other societies having different mores and customs, but the import and applicability of the prohibition to the conduct here in this societal context is beyond reasonable debate.
The judgment of the Law Division is reversed and the matter remanded for a trial de novo on the merits.
NOTES
[1] Despite the failure of consideration of the objections to the prosecution by way of pre- or post-trial motion and despite the judgment of acquittal rather than a dismissal of the charge, we are satisfied that since the trial judge acted exclusively on the basis of the presumed invalidity of the ordinance without addressing or considering the facts the Borough's right to appeal survived a double jeopardy preclusion. See State v. Barnes, 84 N.J. 362 (1980).
[2] Chapter 34 of the Code as enacted, dealing with public indecency, is limited to obscenity, prostitution and related offenses, and transmission of venereal disease.
[3] Pending the appeal, Belmar amended the ordinance to provide as follows:

Public Nudity. It shall be unlawful for any person to appear or travel on any street, avenue, highway, road, boardwalk, beach, beachfront or waterway located in the Borough of Belmar, or to appear in any public place, store, or business in said borough in a state of nudity. A person shall be found in a state of nudity when his clothing or absence of clothing completely exposes to public view a persons anus, genitals, pubic area or female breasts.
While the amendment is obviously more exact and explicit than the ordinance pursuant to which defendant was convicted, the question is not whether the original ordinance could have been more precisely phrased but only whether it was adequately phrased to give reasonable notice of the nature of the prohibited conduct.