The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

William RANDALL,
Defendant-Appellant.

No. 84SA235.

Supreme Court of Colorado,
En Banc.

Dec. 9, 1985.

Rehearing Denied Jan. 21, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Virginia Byrnes Horton, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Michael J. Heher, Deputy State Public Defender, Denver, for defendant-appellant.

KIRSHBAUM, Justice. ·

The defendant, William Randall, appeals his jury convictions on two counts of sexual assault on a child[1] and two counts of indecent exposure.[2] The defendant asserts that section 18–7–302, 8 C.R.S. (1978), violates the due process clauses of the United States and Colorado Constitutions.[3] He also contends that the trial court committed reversible error with respect to two rulings denying defense objections to the introduction of evidence and that the evidence does not support the indecent exposure convictions and one of the sexual assault on a child convictions. We affirm.

## I

In May of 1982, the defendant was a resident of Meeker, Colorado, where he owned and operated a lawn care and yard work service. The victim of the defendant's alleged criminal conduct, an eleven-year-old boy, began to work for the defendant on May 25, 1982, as the result of an arrangement made between the victim's parents and the defendant. That day, the victim accompanied the defendant to a residence owned by a Meeker resident who was out of town and who had arranged to have the defendant take care of the property.

While at the house, the defendant and the victim played video games. The defendant at some point in time suggested that he and the victim play a video game called "strip bowling," the rules of which required participants to remove articles of clothing. The victim agreed, but as the game progressed he declined to remove any more clothing. The victim testified that he did not think that playing this game "was too good." The defendant, however, removed all of his clothing during the game.

When the game ended, the two dressed and the defendant showed the victim two magazines containing sexually explicit photographs. When the victim expressed curiosity about the act of sexual intercourse, the defendant led the victim to an upstairs bedroom, laid down on a bed, and engaged in self-masturbation. The victim engaged in similar conduct. The defendant then proceeded to lie on top of the victim and to rub his penis against the victim's penis. The victim resisted this activity, and the defendant ultimately got up. The two then

---

**1.** § 18–3–405, 8 C.R.S. (1978). Subsection (1) of this statute provides:

Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and the actor is at least four years older than the victim.

**2.** § 18–7–302(1), (2), 8 C.R.S. (1978). Subsection (1) defines the crime of indecent exposure. Subsection (2) provides that indecent exposure to a child under the age of fourteen is a class 2 misdemeanor.

**3.** U.S. Const. amend. XIV states in pertinent part as follows:

No State shall ... deprive any person of life, liberty, or property without due process of law.

Colo.Const. art. II, § 25, states as follows:

No person shall be deprived of life, liberty or property, without due process of law.

In view of the constitutional issues raised on appeal, the case has been transferred to this court pursuant to §§ 13–4–102(1)(b) and –110(1)(a), 6 C.R.S. (1973).

dressed, left the house, and went for a drive in the defendant's car on Sulphur Creek Road, a road which runs about six miles outside of Meeker. Before returning with the victim, the defendant stopped the car, removed his clothes and again masturbated.

The next day, May 26, the victim again reported for work to the defendant. The two traveled to the house they had visited the day before and again played the "strip bowling" game. The victim did not remove any of his clothing; however, the defendant did remove all of his clothes during the course of the game.

On the next day, May 27, the defendant drove the victim up Sulphur Creek Road and repeated the conduct of the two days before. Before returning home, however, the defendant put his hand into the victim's pants. Similar conduct occurred on June 1—the last time the victim went to work for the defendant. However, on this date, the defendant grabbed the victim's hand and told him to masturbate the defendant, and the victim complied.

Approximately one week after this last incident, the victim told his mother what had transpired during his encounters with the defendant. The defendant's conduct was reported to the Meeker Police Department, and the defendant subsequently was arrested. Certain magazines, including the two the defendant had shown to the victim, were seized at the time of the defendant's arrest.[4]

The defendant was initially charged with two counts of sexual assault on a child allegedly occurring on May 25 and June 1, 1982. The information was subsequently amended to add two counts of indecent exposure allegedly occurring on May 26 and 27, 1982.

## II

■ The defendant challenges section 18–7–302(1), 8 C.R.S. (1978), on due process grounds. The statute states as follows:

A person commits indecent exposure if he knowingly exposes his genitals to the view of any person under circumstances in which such conduct is likely to cause affront or alarm to the other person.

The defendant first argues that the statute fails to specify whether a person must be aware that his conduct is likely to cause affront or alarm to a particular person or to a hypothetical reasonable person—*i.e.,* whether the statute employs a subjective or an objective standard. He next argues that the words "affront" and "alarm" are too vague and indefinite in meaning to express ascertainable standards of proscribed conduct.

Every legislative enactment is presumed constitutional, and one who asserts the unconstitutionality of a statute has the burden of demonstrating the asserted impropriety beyond a reasonable doubt. *People v. Schoondermark,* 699 P.2d 411 (Colo. 1985); *People v. Enea,* 665 P.2d 1026 (Colo. 1983).

When a statute is challenged as void for vagueness, the statutory language must be measured by an inquiry into whether the legislation forbids or requires the doing of an act in terms so lacking in specific meaning that persons of ordinary intelligence must necessarily guess as to its meaning and differ as to its application. *Schoondermark,* 699 P.2d 411; *Enea,* 665 P.2d 1026. Two interests deeply rooted in our concept of due process of law are reflected by this test. The interest of accurate and adequate warning requires that a penal statute be framed with sufficient clarity to alert all who are subject to its sanctions to the nature of the proscribed behavior and to inform them of permissible standards of conduct, that they may conduct themselves accordingly. *Smith v. Goguen,* 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974); *People v. Allen,* 657 P.2d 447 (Colo.1983).

---

**4.** Prior to trial, the defendant moved to suppress the use of the magazines as evidence, contending that they were seized in violation of the fourth and fourteenth amendments of the Unit-

ed States Constitution and article II, section 7 of the Colorado Constitution. The trial court denied this motion. This issue is not before us on this appeal.

The interest in preventing selective and arbitrary application of laws requires legislative bodies to establish definite minimal guidelines to govern law enforcement; otherwise, police, prosecutors and juries would be encouraged to exercise their personal perspectives without significant restraint. *Kolender v. Lawson*, 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983); *see People v. Norman*, 703 P.2d 1261 (Colo.1985); *People v. Jennings*, 641 P.2d 276 (Colo. 1982); *People v. Beruman*, 638 P.2d 789 (Colo.1982). Both interests are furthered by the vagueness test above described.

Other rules of construction are available to assist the task of determining whether a particular statute satisfies due process specificity requirements. If a challenged statute is capable of alternative constructions, one of which is constitutional, the constitutional interpretation must be adopted. *Schoondermark*, 699 P.2d 411; *People v. Moyer*, 670 P.2d 785 (Colo.1983); *Jennings*, 641 P.2d 276. Furthermore, due process standards do not require scientific precision in draftsmanship; while statutory language must be sufficiently specific to meet minimal due process requirements, it frequently must remain sufficiently general to be capable of flexible application to varied circumstances. *People v. Castro*, 657 P.2d 932 (Colo.1983); *People ex rel. City of Arvada v. Nissen*, 650 P.2d 547 (Colo.1982); *Colorado Auto & Truck Wreckers Association v. Department of Revenue*, 618 P.2d 646 (Colo.1980). These principles of statutory construction are relevant to the analysis of the defendant's arguments.

The defendant contends that while the statutory phrase "other person" suggests that the offender must personally be aware that the victim will be caused affront or alarm, the word "likely" suggests that an offender's conduct must be measured by determining whether a reasonable person would be affronted or alarmed thereby. On the basis of this analysis, he concludes that the statute fails to delineate whether a subjective or an objective test is to be applied to conduct arguably prohibited by its provisions. We do not agree.

The term "likely" is a word of general usage and common understanding. It is broadly defined as "of such a nature or so circumstantial as to make something probable ... having a better chance of existing or occurring than not." *Webster's Third New International Dictionary* at 1310 (ed. 1976). Concepts of probability and reasonableness are integral ingredients of any objective measure of conduct. The use of the word "likely" indicates that the General Assembly intended the prohibited conduct to be measured by an objective test.

The statute delineates the elements of the offense as a (1) knowing (2) exposure of genitals to the view of any person (3) under circumstances in which the exposure is likely to cause affront or alarm to the other person. Whether a particular victim is in fact affronted or alarmed by the prohibited conduct is not a material element of the offense. It follows that evidence of a victim's reaction to an act of indecent exposure or of the perpetrator's awareness or comprehension of that particular reaction is not required to establish the offense. We conclude, therefore, that the statute sets forth a readily identifiable objective standard for measuring the conduct proscribed by its terms.

This reading of the indecent exposure statute is supported by our decision in *People ex rel. VanMeveren v. County Court*, 191 Colo. 201, 551 P.2d 716 (1976). In that case, we faced a somewhat similar vagueness challenge to a subsection of the harassment statute, § 18–9–111(1)(h), 8 C.R.S. (1978), which subsection provides as follows:

(1) A person commits harassment if, with intent to harass, annoy, or alarm another person, he:

. . . .

(h) Repeatedly insults, taunts, or challenges another in a manner likely to provoke a violent or disorderly response.

In rejecting the defendant's argument that subsection (1)(h) unconstitutionally requires a speaker to know the subjective reaction a

listener would have to his words, we stated:

> Subsection (1)(h) does not require that the speaker guess as to the effect of his words upon the addressee. Rather ... subsection (1)(h) requires an objective determination: whether the words when directed to an average person would tend to induce an immediate breach of peace.

*VanMeveren,* 191 Colo. 201, 206, 551 P.2d 716, 720 (citations omitted). Subsection (1)(h) of the harassment statute also employs the term "likely." Here, as in *Van-Meveren,* we conclude that the statute requires application of an objective standard.

We also disagree with the defendant's argument that the terms "affront" and "alarm" are so imprecise that they fail to provide an identifiable standard of conduct to a person of reasonable intelligence.

According to *Webster's Third New International Dictionary* (ed. 1976), "affront" means "a deliberately offensive act or utterance ... an offense to one's self-respect," *id.* at 36, and "alarm" means "fear or terror resulting from a sudden sense of danger," *id.* at 48. In *People v. Norman,* 703 P.2d 1261 (Colo.1985), we held section 18–9–111(1)(d), 8 C.R.S. (1978),[5] of the harassment statute, which contains the terms "annoy" and "alarm," to be impermissibly vague and, therefore, violative of due process standards. Because section 18–9–111(1)(d) applied to "any and all conduct by any person," which may be perceived as annoying or alarming to others, we concluded that it "contain[ed] no limiting standards to assist citizens, courts,

judges or police personnel to define what conduct is prohibited and, conversely, what conduct is permitted." *Norman,* 703 P.2d at 1267. In contrast to section 18–9–111(1)(d), the indecent exposure statute here challenged contains particularized standards. Persons of reasonable intelligence would conclude that the language of section 18–7–302(1) prohibits exposure of one's genitals to any person when, under the circumstances, such conduct would tend to cause offense or fear to a reasonable person. Section 18–7–302(1) provides a sufficiently clear standard of conduct, and application of the statute to the defendant's conduct did not deprive him of due process of law.[6]

### III

The defendant contends that the introduction of evidence relating to the events of May 26 and 27 was prejudicial error and requires reversal of his convictions of sexual assault on a child. He argues that the two indecent exposure charges were filed to enable the prosecution to introduce otherwise inadmissible evidence of his conduct on May 26 and 27 and that such evidence, unrelated to the charges of sexual assault on the child, prejudiced the defendant on those charges. This contention is without merit.

Evidence of a defendant's prior criminal activity or bad acts which is unrelated to the offense for which the defendant is being tried is generally inadmissible. *See, e.g., People v. Mason,* 643 P.2d 745 (Colo. 1982); *People v. Honey,* 198 Colo. 64, 596 P.2d 751 (1979); *Stull v. People,* 140 Colo.

---

5. Section 18–9–111(1)(d), 8 C.R.S. (1978), provides:

> (1) A person commits harassment if, with intent to harass, annoy, or alarm another person, he:
>
> ....
>
> (d) Engages in conduct or repeatedly commits acts that alarm or seriously annoy another person and that serve no legitimate purpose.

6. Other jurisdictions have upheld indecent exposure statutes against vagueness challenges notwithstanding language often less precise than that challenged here. *See, e.g., State v. Luhnow,* 61 Haw. 70, 597 P.2d 15 (1979) (public nudity

constitutes "lewd act" under statute; statute not void for vagueness); *State v. Bauer,* 337 N.W.2d 209 (Iowa 1983) (indecent exposure statute not unconstitutionally vague); *Belmar v. Buckley,* 187 N.J.Super. 107, 453 A.2d 910 (N.J.Super.Ct. App.Div.1982) (ordinance proscription against "indecent or unnecessary exposure" not unconstitutionally vague); *State v. Borchard,* 24 Ohio App.2d 95, 264 N.E.2d 646 (1970) (words "indecent exposure" not unconstitutionally vague); *State v. Galbreath,* 69 Wash.2d 664, 419 P.2d 800 (1966) ("indecent or obscene exposure" not unconstitutionally vague); *State v. Knight,* 285 S.E.2d 401 (W.Va.1981) (indecent exposure statute not unconstitutionally vague).

278, 344 P.2d 455 (1959). The exceptions to this rule are limited to narrow and well-defined situations where evidence of the commission of other offenses is offered to show, for example, the defendant's motive, identity, intent, guilty knowledge, absence of mistake or accident, or a plan or scheme of which the crime charged was an integral part. *Callis v. People*, 692 P.2d 1045 (Colo. 1984); *see* CRE 404(b).

■■■ The trial court here, more than two months before the trial date, granted the People's motion to amend the information filed against the defendant to add the two indecent exposure counts. An information may be amended as to form or substance at any time prior to trial, with the approval of the trial court. *See* Crim.P. 7(e); *Maraggos v. People*, 175 Colo. 130, 486 P.2d 1 (1971); *People v. Swain*, 43 Colo.App. 343, 607 P.2d 396 (1979). Once the information was amended, the People were entitled to present evidence relevant to the two indecent exposure charges. *See generally ABA Standards for Criminal Justice, The Prosecution Function*, 3–3.-9(a) (1982). The victim's testimony concerning the events of May 26 and 27 was directly related to the allegations that the defendant had indecently exposed himself to the victim on those dates. Under these circumstances, the rule prohibiting admission of evidence of a defendant's unrelated, wrongful acts is not applicable. Had the defendant perceived any substantial prejudice to himself from the prospect of defending simultaneously sexual assault on a child counts and charges of indecent exposure, he could have sought a separate trial on the indecent exposure charges pursuant to Crim.P. 14.[7] He failed to do so. We find no error in the trial court's rulings.

7. Prior to amendment of the information, the defendant moved for separate trials on the two sexual assault on a child charges. This motion was denied on October 22, 1982. The defendant did not make a similar motion with regard to severance of the indecent exposure charges, after the information was amended.

8. The requirement of an "intentional touching" in § 18–3–401(4), was later changed to a "knowingly touching." *See* § 18–3–401(4), 8 C.R.S. (1984 Supp.).

## IV

The defendant contends that the admission of the two magazines into evidence constituted reversible error because the magazines were irrelevant or, if relevant, their prejudicial nature substantially outweighed their probative value.

■■■ The offense of sexual assault on a child requires proof of the element of sexual contact, which the General Assembly has defined as follows:

[T]he intentional touching of the victim's intimate parts by the actor, or of the actor's intimate parts by the victim, or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts *if that sexual contact can reasonably be construed as being for the purpose of sexual arousal, gratification, or abuse.*

§ 18–3–401(4), 8 C.R.S. (1978) (emphasis added).[8] We agree with the trial court's conclusion that the defendant's use of the magazines immediately prior to the defendant's touching of the victim on May 25 was probative with respect to the purpose of the touching. The trial court also noted the obvious inflammatory nature of the evidentiary items. Under CRE 403, a trial court must employ a balancing test when proffered relevant evidence is challenged on the ground of unfair prejudice. Thus, a trial court may exclude relevant evidence only "if its probative value is substantially outweighed by the danger of unfair prejudice...." CRE 403;[9] *see People v. Lowe*, 660 P.2d 1261 (Colo.1983). The trial court here properly conducted the weighing process authorized by CRE 403 and determined that the prejudicial effect of the magazines did not substantially outweigh their probative value. This ruling was well

9. CRE 403 provides in full:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

within the trial court's discretion. *See People v. Abbott,* 638 P.2d 781 (Colo.1982); *see also* CRE 403.

## V

 The defendant's final argument, that there was insufficient evidence to support his convictions for indecent exposure and his conviction for sexual assault on a child on June 1, is without merit. The People introduced evidence that on June 1 the defendant grabbed the victim's hand and told the victim to masturbate the defendant. This evidence is substantial and sufficient to support a conclusion beyond a reasonable doubt that the defendant knowingly subjected the victim to sexual contact on that date. *See People v. Aalbu,* 696 P.2d 796 (Colo.1985); *People v. Gonzales,* 666 P.2d 123 (Colo.1983).

 We are also satisfied from our examination of the record that evidence was introduced to permit the jury to find beyond a reasonable doubt that the defendant exposed his genitals to the victim on May 26 and 27 under circumstances in which such exposure would tend to affront or alarm a reasonable person.

The judgment is affirmed.