The PEOPLE of the State of
Colorado, Petitioner,

v.

Anselmo McBURNEY, Respondent.

No. 86SC431.

Supreme Court of Colorado,
En Banc.

Feb. 22, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, First Asst. Atty. Gen., Denver, for petitioner.

Leventhal and Bogue, P.C., Natalie Brown, Denver, for respondent.

VOLLACK, Justice.

This appeal concerns the validity of Colorado's telephone harassment statute, section 18–9–111(1)(e), 8B C.R.S. (1986). The Arapahoe County District Court affirmed the county court's dismissal of one count of telephone harassment against Anselmo Stephen McBurney on the ground that the statute was unconstitutional on its face

because of vagueness and overbreadth.[1]
We reverse.

## I.

On December 5, 1984, Elaine McBurney was at work when the telephone rang. As she answered it, the caller hung up. This happened to her seven more times that day, and had allegedly occurred often in the past. On the eighth time, after she said hello, the caller spoke but did not identify himself. He said to her, "How does it feel going in?"

Based on her recognition of the caller's voice, the police arrested Anselmo Stephen McBurney and charged him with one count of telephone harassment. The county court dismissed the charge, holding that the telephone harassment statute was unconstitutionally vague and overbroad. The district court affirmed the dismissal on the same grounds.

## II.

The defendant does not claim that the statute is unconstitutional as applied to him. Instead, he contends that the statute is vague and overbroad on its face. The telephone harassment statute provides in pertinent part:

**18–9–111. Harassment.** (1) A person commits harassment if, with intent to harass, annoy, or alarm another person, he:

. . . . .

(e) Initiates communication with a person, anonymously or otherwise by telephone, in a manner intended to harass or threaten bodily injury or property damage, or makes any comment, request, suggestion, or proposal by telephone which is obscene; ...

8B C.R.S. (1986).

In order to be found guilty under the present telephone harassment statute, the prosecution must show that the defendant had the specific intent to "harass, annoy, or alarm" another while committing the of-

fense of initiating a telephone communication "in a manner intended to harass or threaten bodily injury or property damage," or makes an obscene telephone "comment, request, suggestion or proposal."

## III.

■ The first question before us is whether McBurney has standing to challenge the constitutionality of the statute as facially overbroad. *People ex rel. Tooley v. Seven Thirty–Five East Colfax, Inc.*, 697 P.2d 348, 355 (Colo.1985). The county court, relying on *Bolles v. People*, 189 Colo. 394, 541 P.2d 80 (1975), and *People v. Norman*, 703 P.2d 1261 (Colo.1985), found that the defendant had standing to challenge the statute. The prosecution contends that, under the test announced in *People v. Weeks*, 197 Colo. 175, 591 P.2d 91 (1979), the defendant's conduct is too close to the interests protected by the telephone harassment statute to permit the defendant to challenge its constitutionality. We conclude that the defendant lacks standing to raise the issue of overbreadth.

Standing requires a party to show injury in fact to a legally protected interest. *Marco Lounge, Inc. v. City of Federal Heights*, 625 P.2d 982, 984 (Colo.1981). This would ordinarily preclude him from showing that a particular statute infringed upon the rights of someone other than himself.

In First Amendment cases, however, the rules of standing are broadened to permit a party to assert the facial overbreadth of statutes or ordinances which may chill the constitutionally protected expression of third parties, regardless of whether the statute or ordinance could be applied constitutionally to the conduct of the party before the court.

*City of Englewood v. Hammes*, 671 P.2d 947, 950 (Colo.1983) (citing *May v. People*, 636 P.2d 672, 675 (Colo.1981); *Marco Lounge*, 625 P.2d at 985). *See also Bolles v. People*, 189 Colo. 394, 396, 541 P.2d 80, 82 (1975).

---

1. This case is properly before this court pursuant to sections 13–4–102(1)(b) and 13–4–

110(1)(a), 6A C.R.S. (1987).

In *People v. Weeks,* 197 Colo. 175, 591 P.2d 91 (1979), we held that a defendant lacked standing to challenge the constitutionality of the predecessor to the present telephone harassment statute. The defendant had conceded that his telephone calls were patently offensive and that they were "laced with sexual suggestions and descriptions of sex acts." We stated that

> [U]se of the [overbreadth] doctrine is reserved for those defendants whose speech is at the fringes of that activity which the statute is designed to regulate. Those defendants whose speech is central to the interests which the statute seeks to protect and is clearly of a type regulated by the statute in question, cannot attack the statute as overbroad. They must demonstrate that the statute is unconstitutional as applied to them. *Broadrick v. Oklahoma,* [413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973)]; *Bolles v. People,* [189 Colo. 394, 541 P.2d 80 (1975)].

*Weeks,* 197 Colo. at 179, 591 P.2d at 94. We concluded that the defendant's telephone calls, far from being at the fringes of what constituted telephone harassment, were "at the core of the privacy interests which section 18–9–111(1)(e) is designed to protect." *Id.;* 591 P.2d at 94–95. In the present case the defendant denies that his statement is patently offensive. However, in *People v. Bridges,* 620 P.2d 1 (Colo. 1980), we held that the defendant lacked standing to challenge as overbroad the constitutionality of sections 18–9–101(2) and –104, 8 C.R.S. (1973), which prohibited persons from engaging in riots. The defendant in that case also denied that his conduct constituted riotous behavior. There we applied the *Weeks* test of third party standing and concluded that he lacked standing to challenge the constitutionality of the statutes because his alleged conduct described precisely the type of conduct the riot statutes were intended to proscribe. There we stated: "[t]o invalidate the statutes as overbroad would require us to speculate as to their deterrent impact on hypothetical conduct significantly different from that involved in this case." *Id.* at 5. This we refused to do.

Because the alleged speech of McBurney describes precisely the type of activity the harassment statute was designed to regulate, we conclude that McBurney lacks standing to challenge the telephone harassment statute as overbroad.

## IV.

The defendant argues that the county court was correct in concluding that section 18–9–111(1)(e) is unconstitutionally vague. Relying on language in *People v. Norman,* 703 P.2d 1261 (Colo.1985), that characterized our holding in *Bolles v. People,* 189 Colo. 394, 541 P.2d 80 (1975), the county court held that the words 'annoy' and 'alarm' are too vague and imprecise to express ascertainable standards of proscribed conduct, and that the statute consequently violates the due process clauses of the United States and Colorado Constitutions. We disagree.

A penal statute must define an offense with sufficient clarity to permit ordinary people to understand what conduct is prohibited and in such manner that does not encourage arbitrary and discriminatory enforcement of the statute. *Norman,* 703 P.2d at 1266. *See also Grayned v. City of Rockford,* 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972).

### A.

The presence of the words 'alarm' and 'annoy' by themselves are not sufficient to render the telephone harassment statute vague. Yet language in *Norman* concerning the holding of *Bolles* could be interpreted to require such a conclusion, which has resulted in unnecessary confusion to lower courts and the parties in this case. In *Norman,* we stated that *Bolles* "noted that the terms 'annoy' and 'alarm,' when given their conventional meanings, were so broad that the most innocuous comment about a debatable or unpleasant topic might subject a person to criminal prosecution under subsection (1)(e)." *Norman,* 703 P.2d at 1266.

Reliance by the defendant and the county court on this language in *Norman* is mis-

placed because it misinterprets our holding in *Bolles.* In *Bolles v. People,* 189 Colo. 394, 541 P.2d 80 (1975), we found the predecessor to the current telephone statute to be overbroad, although no issue of vagueness was presented. The 1973 statute prohibited not merely telephone communications, as the present statute does, but communications "by telephone, telegraph, mail, or *any other form of communication.*" § 18–9–111(1)(e), 8 C.R.S. (1973) (emphasis added). This considerably broader offense contained no particularized standards to limit its application. As a result, the offense would have criminalized such obviously permissible speech as forecasting a storm, predicting political trends, warning against illness or discussing anything that is of significance. *Bolles,* 189 Colo. at 397–98, 541 P.2d at 82–83.

In *People v. Norman,* 703 P.2d 1261 (Colo.1985), we found that section 18–9–111(1)(d), 8 C.R.S. (1978) was unconstitutionally vague. Subsection (1)(d) provided that a defendant commits the crime of harassment if, "with intent to harass, annoy, or alarm another person," such person "[e]ngages in conduct or repeatedly commits acts that alarm or seriously annoy another person and that serve no legitimate purpose." We held that the offense was defined so broadly that it failed to provide the constitutionally required guidance to citizens seeking to comply with the law, or to law enforcement officers seeking to enforce the statute.

> There is no particular legislative concern defined by the statute; *any and all conduct, by any person,* is encompassed by the statutory scheme. An actor, a clown, a writer or a speaker all might be subject to criminal prosecution because their acts are perceived by some official to annoy or alarm others.

*Norman,* 703 P.2d at 1267 (emphasis added). In addition, subsection (1)(d) measured whether harassment occurred under standards so general as to defy description. Whereas subsection (1)(d) placed the focus on whether the acts of the defendant "alarm or seriously annoy another person and [ ] serve no legitimate purpose," the present telephone harassment statute focuses on the narrower standard of whether the defendant acted "in a manner intended to harass or threaten bodily injury or property damage."

The interpretation urged by the defendant and the county court would necessarily render all eight subsections of the harassment statute unconstitutional, because each subsection is prefaced with the same specific intent requirement that the defendant be acting to "harass, annoy, or alarm." Yet we held that subsection (1)(h) of the harassment statute was neither overbroad nor vague after *Bolles* was decided. *People ex rel. VanMeveren v. County Court,* 191 Colo. 201, 551 P.2d 716 (1976). Furthermore, in *People v. Randall,* 711 P.2d 689 (Colo.1985), we expressly found that the words 'affront' and 'alarm' in the 1978 indecent exposure statute[2] did not render the statute unconstitutionally vague, because the statute defined the offense with "particularized standards." *Id.* at 693.

In fact, we found the previous section 18–9–111(1)(e) overbroad in *Bolles* not because of the mere presence of the words 'annoy' and 'alarm,' but because these words were applied to *all* forms of communication, which obviously contained no particularized standards to limit the scope of the offense. *See Bolles,* 189 Colo. at 398, 541 P.2d at 82–83; *see also People v. Randall,* 711 P.2d at 693 (describing a similar deficiency of subsection (1)(d) of the harassment statute in *Norman* ). Because the present telephone harassment statute contains particularized standards that limit the scope of the offense, we conclude that the presence of the words 'annoy' and 'alarm,' by themselves, are not sufficient to render the statute unconstitutionally vague. This conclusion is consistent with and not intended to disturb either the re-

**2.** The 1978 indecent exposure statute states as follows:

A person commits indecent exposure if he knowingly exposes his genitals to the view of any person under circumstances in which such conduct is likely to cause affront or alarm to the other person.

§ 18–7–302(1), 8 C.R.S. (1978).

sult or the analysis of *Bolles, Norman* and *Randall.*

### B.

■ In deciding whether the telephone harassment statute is unconstitutionally vague, we are guided by a number of rules of statutory construction. Statutes are presumed to be constitutional, and the burden is on the party challenging its validity to prove unconstitutionality beyond a reasonable doubt. *People v. Schoondermark,* 699 P.2d 411 (Colo.1985). If the statute is capable of alternative constructions, one of which is constitutional, then the constitutional interpretation must be adopted. *People v. Randall,* 711 P.2d 689, 692 (Colo. 1985). In addition, "a criminal statute need not contain precise definitions of every word or phrase constituting an element of the offense." *People v. Schoondermark,* 699 P.2d 411, 416 (Colo.1985) (citing *People v. Castro,* 657 P.2d 932 (Colo.1983); *People ex rel. City v. Nissen,* 650 P.2d 547 (Colo. 1982); *People v. Blue,* 190 Colo. 95, 544 P.2d 385 (1975)). Also, due process considerations permit statutory language to be sufficiently general so as to be capable of flexible application to varied circumstances. *People v. Randall,* 711 P.2d at 692.

■ As noted above, the telephone harassment statute defines the offense with particularized standards to limit the scope of the offense, to prohibit only harassing or obscene telephone calls. The presence of these particularized standards also makes this statute sufficiently precise so that the statute is not vague. The standard employed by the statute removes the potential for arbitrary and discriminatory enforcement because the offense cannot depend upon the personal perspectives of police and prosecutors. *See Norman,* 703 P.2d at 1267.

The statute is also not vague because it requires the prosecution to prove that the defendant acted with the specific intent to "harass, annoy, or alarm" another. As the United States Supreme Court has observed:

> The Court, indeed, has recognized that *the requirement of a specific intent to do a prohibited act may avoid those consequences to the accused which may otherwise render a vague or indefinite statute invalid.* The constitutional vice in such a statute is the essential injustice to the accused of placing him on trial for an offense, the nature of which the statute does not define and hence of which it gives no warning.... But where the punishment imposed is only for an act knowingly done with the purpose of doing that which the statute prohibits, the accused cannot be said to suffer from lack of warning or knowledge that the act which he does is a violation of law.

*Screws v. United States,* 325 U.S. 91, 101–02, 65 S.Ct. 1031, 1035–36, 89 L.Ed. 1495 (1945) (citations omitted) (emphasis added). *See, e.g., Kinney v. State,* 404 N.E.2d 49, 51 (Ind.App.1980) (statute prohibiting telephone calls intended to "harass, annoy, or alarm another person but with no intent of legitimate communication" not vague); *State v. Thompson,* 237 Kan. 562, 565–567, 701 P.2d 694, 697–98 (1982) (statute prohibiting using the telephone to make "any comment, request, suggestion or proposal which is obscene, lewd, lascivious, filthy or indecent" not overbroad); *Von Lusch v. State,* 39 Md.App. 517, 525, 387 A.2d 306, 310 (1978) (statute prohibiting telephone calls made "with intent to annoy, abuse, torment, harass or embarass" not vague); *State v. Gattis,* 105 N.M.App. 194, 199–200, 730 P.2d 497, 502–03 (1986) (statute prohibiting telephone calls made "with intent to annoy or disturb" not vague or overbroad). Persons of reasonable intelligence could conclude that the statute prohibits harassing telephone calls. Section 18–9–111(1)(e) is not unconstitutionally vague.

The judgment of the district court is reversed and the case is remanded to that court with directions to be returned to the county court to reinstate the charges.