The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Tom Wendell BARRUS, Defendant–Appellant.

No. 07CA1715.

Colorado Court of Appeals, Div. IV.

Dec. 24, 2009.

As Modified on Denial of Rehearing March 4, 2010.

John W. Suthers, Attorney General, Ryan A. Crane, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

McAllister Law Office, P.C., Sean T. McAllister, Breckenridge, Colorado, for Defendant–Appellant.

Opinion by Judge ROMÁN.

Defendant, Tom Wendell Barrus, appeals the judgment of conviction entered on a jury verdict finding him guilty of two counts of vehicular eluding, two counts of driving under suspension, obstructing a peace officer, second degree assault of a peace officer with a deadly weapon, indecent exposure, leaving the scene of an accident resulting in bodily injury, and three counts of leaving the scene of an accident resulting in property damage. We reverse the conviction for obstructing a peace officer and remand for a new trial on that charge, vacate the conviction for indecent exposure, and affirm in all other respects.

## I. Facts

### A. May 14, 2005 Incident

On May 14, 2005, a middle school teacher called the police to report a person with his pants down in a black Toyota car in the school parking lot. A deputy arrived at the scene, found the black Toyota, saw defendant inside the vehicle with his pants down, and knocked on the car window. Defendant did not respond. The deputy testified that he opened the door after defendant reached around his passenger seat, and the deputy

became concerned about a weapon. The deputy further testified that he ordered defendant to turn off the car and then grabbed defendant's arm to keep him from driving away. According to the deputy, defendant then threw a glass of wine in his face, ignored his orders to stop, and began to drive off. At that point, the deputy used a taser to attempt to stop him but defendant appeared unaffected. A second deputy pursued him, but ended the pursuit in the interest of public safety.

### B. June 2, 2005 Incident

Approximately two weeks later, a woman working in an office building called the police to report a man walking around naked in a parking lot. When an officer arrived on scene, she found a man sitting in a black Toyota. The officer testified that the man looked at her and then tried to start the car. The officer yelled, "Don't move," and grabbed the man before he could close his car door. The two struggled, but the man drove away, dragging the officer for some period of time before leaving the parking lot. Another officer helped pursue the man, but he escaped after hitting three vehicles. The officer identified the man as defendant, who later was arrested without incident.

### II. Joinder

Defendant contends that the trial court abused its discretion when it consolidated his two cases for trial and thus precluded him from presenting evidence of self-defense for the obstructing a peace officer charge. Whether self-defense is available in Colorado against this charge is an issue of first impression. We conclude that such a defense is available when a defendant reasonably believes that unreasonable or excessive force is being used by the peace officer, and therefore, the trial court abused its discretion in precluding the defense.

### A. Legal Standard

 Cases may be consolidated when the offenses in each could have been consolidated in a single information. Crim. P. 13; *People v. Gross,* 39 P.3d 1279, 1282 (Colo. App.2001). Consolidation is permissible if all of the offenses are of the same or similar character or are based on two or more acts or transactions that are connected together or are part of a single scheme and plan. *People v. Williams,* 899 P.2d 306, 313 (Colo. App.1995).

 To succeed on a motion to sever the offenses for separate trials, a defendant must demonstrate actual prejudice. *People v. Aalbu,* 696 P.2d 796, 806 (Colo.1985); *People v. Knight,* 167 P.3d 147, 151 (Colo.App.2006). Such a showing requires more than establishing that "separate trials might afford the defendant a better chance of acquittal." *People v. Guffie,* 749 P.2d 976, 982 (Colo.App. 1987). Specifically, if a defendant wishes to testify on one count and not on another, he or she must make a convincing showing that he or she has both important testimony to give concerning one count and a strong need to refrain from testifying on the other count. *Id.* at 983.

 The decision to deny a motion for severance lies within the sound discretion of the trial court. *Aalbu,* 696 P.2d at 806.

### B. Background

Here, the trial court consolidated defendant's cases, finding that the "evidence of defendant's conduct in each case will be admissible in the other case based on the similar nature and character of defendant's alleged conduct on both occasions." The court also determined that such evidence would be admissible to prove defendant's identity in each case and also to prove the absence of mistake or accident.

The trial court then evaluated whether defendant would suffer any resulting prejudice from consolidating the cases. Defendant argued that he would be prejudiced because he intended to testify regarding the charges from the May 14 incident to establish self-defense, but he would not testify regarding the June 2 incident.

The trial court concluded that self-defense was not a defense to obstructing a peace officer and stated, "defendant is not permitted to state an affirmative defense of self-defense." Because the trial court deter-

mined self-defense was not available for the charges in the May 14 incident, it concluded that defendant would suffer no prejudice due to consolidation. Defendant did not testify at trial.

### C. Whether Self–Defense is Available Against a Charge for Obstructing a Peace Officer

Based on the language in the obstruction statute, the trial court concluded that defendant was not entitled to assert self-defense. We disagree.

"The construction of a statute is a question of law that we review de novo." *People v. Madden*, 111 P.3d 452, 457 (Colo.2005). We must read the words of a statute in context, *see* § 2–4–101, C.R.S.2009, give effect to the intent of the legislature, and look first to the plain and ordinary meaning of the statutory language. *Madden*, 111 P.3d at 457. When the statutory language is clear and unambiguous, we apply the provision as written. *Turbyne v. People*, 151 P.3d 563, 567 (Colo.2007).

The obstruction statute provides:

A person commits obstructing a peace officer ... when, by using or threatening to use violence, force, physical interference, or an obstacle, such person knowingly obstructs, impairs, or hinders the enforcement of the penal law or the preservation of the peace by a peace officer, acting under color of his or her official authority. . . .

§ 18–8–104(1)(a), C.R.S.2009.

The trial court concluded that self-defense is unavailable in a prosecution under this section because subsection (2) provides, "It is no defense to a prosecution under this section that the peace officer was acting in an illegal manner, if he was acting under color of his official authority as defined in section 18–8–103(2)." § 18–8–104(2), C.R.S.2009.

However, subject to exceptions not here relevant, "a person is justified in using physical force upon another person in order to defend himself or a third person from what he reasonably believes to be the use or imminent use of unlawful physical force by that other person." § 18–1–704(1), C.R.S.2009. This provision "permits a person to defend himself when he reasonably believes that unreasonable or excessive force, as proscribed by section 18–1–707(1)(a) [C.R.S.2009], is being used by law enforcement officers or that its use is imminent." *People v. Fuller*, 781 P.2d 647, 650 (Colo.1989).

The People contend that because self-defense is only a defense against another's unlawful use of physical force, and the obstruction statute specifically precludes a defense that the peace officer was acting in an illegal manner, self-defense cannot be a defense to obstructing a peace officer. This argument fails.

The statute proscribing the crime of resisting an arrest has language that, similar to the obstruction statute, limits a defendant's defense. However, the resisting arrest statute also describes when a defendant has a right to self-defense:

It is no defense to a prosecution under this section that the peace officer was attempting to make an arrest which in fact was unlawful, if he was acting under color of his authority, and in attempting to make the arrest he was not resorting to unreasonable or excessive force giving rise to the right of self-defense.

§ 18–8–103(2), C.R.S.2009.

Our supreme court has acknowledged a right to self-defense against the crime of resisting arrest. *See Fuller*, 781 P.2d at 650. Further, although "illegal manner" is not defined in the obstruction statute, the term "illegal" is typically synonymous with the term "unlawful." *Compare Black's Law Dictionary* 763 (8th ed.2004) (defining term "illegal" as "forbidden by law; unlawful"), *with id.* at 1574 (defining term "unlawful" as "not authorized by law; illegal"). Thus, if "illegal manner" connotes an unlawful arrest or other unlawful exercise of official power, it does not preclude self-defense arising from the use of unreasonable or excessive force. *See Fuller*, 781 P.2d at 650 (unreasonable or excessive force may "accompan[y] either lawful or unlawful arrests").

Additionally, although the assault statutes do not specifically recognize the defense of self-defense, it may be raised in a prosecution for assaulting a police officer.

*See, e.g., People v. Whatley,* 10 P.3d 668, 670 (Colo.App.2000).

Finally, self-defense has been recognized by other jurisdictions in obstruction prosecutions. *People v. Willey,* 85 Ill.App.3d 734, 41 Ill.Dec. 621, 407 N.E.2d 1119, 1120 (1980); *State v. Yeutter,* 252 Neb. 857, 566 N.W.2d 387, 391 (1997); *Yetter v. State,* 987 P.2d 666, 669–70 (Wyo.1999).

Consequently, we conclude self-defense is an available defense against the charge of obstructing a peace officer when a defendant reasonably believes that unreasonable or excessive force is being used by the peace officer. Accordingly, because defendant was precluded from asserting an affirmative defense of self-defense, his conviction on that charge must be reversed. If on remand he proffers evidence that the officer used unreasonable or excessive force and that he used a degree of force that he believed to be necessary for that purpose, he is entitled to assert self-defense. Likewise, if he introduces evidence at trial of self-defense, he would be entitled to a self-defense jury instruction. *See Fuller,* 781 P.2d at 651.

### D. Joinder Analysis

 Having so concluded, we further conclude that defendant was entitled to have his cases severed because he made a sufficient showing that he had important self-defense testimony to give in the case involving obstructing a peace officer. *See Guffie,* 749 P.2d at 982. Regarding the other charges, however, we discern no prejudice to defendant from the consolidation for the following reasons.[1]

Part of defendant's trial strategy was to establish that he had been misidentified in the June 2 incident. The evidence from the two cases was similar, however, in that police contacted the perpetrator based upon civilian tips of indecent exposure in parking lots.

The description of the vehicle in each incident was identical. And in each case, the perpetrator fled the scene after police officers contacted him. Thus, had the cases not been consolidated, the evidence from the May 14 incident would have been relevant and admissible to establish defendant's identity in a separate trial as to the June 2 incident. *See* CRE 404(b) (a trial court may admit evidence of other misconduct to show, among other things, identity and absence of mistake or accident).

Further, the jury was instructed that each charge was a separate and distinct offense, and its verdict on one charge should not affect the verdict on another. There is no indication that the jury failed to consider the evidence separately here. *See People v. Kendall,* 174 P.3d 791, 795 (Colo.App.2007) (no abuse of discretion where defendant failed to establish prejudice and jury was properly instructed to separately consider evidence). Thus, defendant fails to establish that he suffered actual prejudice concerning the other charges as a result of the consolidation. *See Aalbu,* 696 P.2d at 806.

In sum, we conclude the trial court erred when it precluded defendant from presenting self-defense evidence, and therefore it abused its discretion when it denied defendant's motion for separate trials. *Cf. People v. DeBella,* 219 P.3d 390, 404 (Colo.App.2009) (trial court abuses discretion when it misapplies law).

Accordingly, we reverse the obstructing a peace officer conviction and remand for a new trial on that charge. Because defendant suffered no prejudice from the consolidation of the other charges, however, he is not entitled to a retrial on those charges.

### III. Motion to Suppress

Defendant contends the trial court erred in denying his pretrial motion to suppress "all

---

1. We reject the People's contention that defendant waived this issue for appellate review by failing to renew his objection to joinder at trial. In *People v. Gross,* 39 P.3d 1279 (Colo.App.2001), a division of this court held that a defendant is not obligated to renew an objection to the prosecution's motion to consolidate indictments in separate cases to preserve the issue for appellate review. We perceive no reason to reexamine that decision, and we find it dispositive of the People's contention that defendant waived the issue of consolidation for purposes of appeal. *See id.* at 1281–82; *see also People v. Owens,* 97 P.3d 227, 231 (Colo.App.2004); *People v. Dembry,* 91 P.3d 431, 435 (Colo.App.2003) (defendant not required to renew motion to sever originally filed in opposition to amendment of information by prosecution to add additional count).

material and testimonial evidence directly and indirectly derived from [the deputy's] illegal entry into [defendant's] car on May 14, 2005" on the basis that the deputy lacked reasonable suspicion to attempt an investigatory stop. We conclude that the deputy had an articulable basis for suspecting that defendant was involved in criminal activity and, therefore, the trial court correctly denied the motion.

Initially, although defendant challenges both the May 14 and June 2 police encounters on appeal, we find no support in the record for his assertion that the June 2 encounter was challenged in the trial court. Therefore, we will not address his June 2 suppression argument for the first time on appeal. *See People v. Martinez*, 200 P.3d 1053, 1055 n. 1 (Colo.2009). We turn now to the May 14 incident.

The Fourth Amendment of the United States Constitution and article II, section 7 of the Colorado Constitution protect against unreasonable searches and seizures. *Terry v. Ohio*, 392 U.S. 1, 8–9, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *People v. Galvadon*, 103 P.3d 923, 927 (Colo.2005).

An investigatory stop is a police-citizen encounter that constitutes a seizure under the Fourth Amendment. *People v. Brown*, 217 P.3d 1252, 1256 (Colo.2009). Police may perform an investigatory stop if (1) they have a reasonable suspicion that criminal activity has taken place, is in progress, or is about to occur; (2) the purpose of the intrusion is reasonable; and (3) the scope and character of the intrusion are reasonably related to its purpose. § 16–3–103(1), C.R.S. 2009; *People v. Archuleta*, 980 P.2d 509, 512 (Colo.1999).

"Reasonable suspicion for an investigatory stop exists when the facts demonstrate that a prudent officer has an articulable basis for suspecting that a defendant is involved in criminal activity." *Brown*, 217 P.3d at 1256. An investigatory stop based in part on information provided by a civilian is justified where the "totality of the circumstances indicates a minimal level of objective suspicion of criminal activity." *Martinez*, 200 P.3d at 1057.

When reviewing an order on a motion to suppress, we defer to the trial court's factual findings and will not disturb them if they are supported by the record. *Brown*, 217 P.3d at 1255.

In this case, the trial court found that the deputy observed defendant in the school parking lot with his pants down; moreover, the deputy's observations corroborated the circumstances described by the teacher who had called the police. The court further found that the deputy's initial act of knocking on the door and announcing his identity were reasonable, and, at that time, the deputy intended only to make permitted inquiries of defendant. Finally, the court found that the deputy acted reasonably when he opened the door to ask defendant questions.

We agree that the deputy's independent observations corroborating the teacher's complaint created reasonable suspicion. *See Martinez*, 200 P.3d at 1057. We also agree that the deputy's purpose in contacting defendant and the scope of the intrusion (opening the door) were reasonably related to the purpose of asking defendant questions. *See Archuleta*, 980 P.2d at 512. Although, as pointed out by the trial court, the incident quickly escalated, the actions of the officer after opening the door were related to his safety.

Moreover, even if defendant could argue that the deputy's actions were unreasonable at that point, he was not permitted to act violently or threaten violence and then rely on the exclusionary rule to suppress evidence of his actions. *See People v. Doke*, 171 P.3d 237, 239 (Colo.2007) (a defendant may not respond to an unreasonable search or seizure "by a threat of violence against the officer, and then rely on the exclusionary rule to suppress evidence pertaining to that criminal act").

Under these circumstances, we perceive no error in the trial court's denial of defendant's motion to suppress. *See Brown*, 217 P.3d at 1256–57.

## IV. Sufficiency of the Evidence

We reject defendant's contention that the prosecution presented insufficient evidence to

sustain his conviction for the May 14 charge of vehicular eluding. However, we agree with defendant that the evidence was insufficient with respect to the June 2 indecent exposure conviction.

### A. Standard of Review

When reviewing the sufficiency of evidence, we determine whether the evidence, viewed as a whole and in the light most favorable to the prosecution, is sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crime charged beyond a reasonable doubt. *See Kogan v. People,* 756 P.2d 945, 950 (Colo. 1988). In so doing, we must give the prosecution the benefit of every reasonable inference which might be fairly drawn from the evidence. *People v. Gonzales,* 666 P.2d 123, 128 (Colo.1983). It is the fact finder's function to consider and determine what weight should be given to all parts of the evidence, and to resolve conflicts, inconsistencies, and disputes in the evidence. *Kogan,* 756 P.2d at 950.

### B. May 14 Vehicular Eluding Incident

Defendant was convicted under a statute that provided in part:

> Any person who, while operating a motor vehicle, knowingly eludes or attempts to elude a peace officer also operating a motor vehicle, and who knows or reasonably should know that he or she is being pursued by said peace officer, and who operates his or her vehicle in a reckless manner, commits vehicular eluding.

Ch. 171, sec. 17, § 18–9–116.5, 2000 Colo. Sess. Laws 698; *cf.* § 18–9–116.5(1), C.R.S. 2009 (same language).

Here, the deputy testified that he arrived in a marked car, was wearing his deputy sheriff uniform, announced his presence, and ordered defendant to stop. He further testified that he continued to yell orders at defendant and even attempted to tase him as he fled. A second deputy testified that he saw defendant's vehicle and pursued him closely with lights and sirens. The second deputy testified that he discontinued the chase when defendant almost hit a minivan, forced anoth-

er car into oncoming traffic, and drove in reverse, nearly hitting the deputy's car.

We conclude there is ample evidence in the record for a reasonable person to conclude that defendant knowingly eluded a peace officer in a motor vehicle. *See Kogan,* 756 P.2d at 950.

### C. Indecent Exposure

Next, defendant contends the evidence was insufficient to sustain his conviction of indecent exposure. Because we conclude the trial record lacks sufficient evidence that defendant knowingly exposed his genitals, we agree.

To prove indecent exposure, the prosecution must show that a defendant "knowingly expose[d] his genitals to the view of any person under circumstances in which such conduct is likely to cause affront or alarm to the other person." Section 18–7–302(1), C.R.S.2009. Thus, "[t]he statute delineates the elements of the offense as a(1) knowing (2) exposure of genitals to the view of any person (3) under circumstances in which the exposure is likely to cause affront or alarm to the other person." *People v. Randall,* 711 P.2d 689, 692 (Colo.1985).

Because we must read the words of a statute in context, *see* § 2–4–101, give effect to every word, and not adopt a construction that renders any term superfluous, *see Madden,* 111 P.3d at 457, we reject any suggestion that the elements are satisfied simply by proof that defendant was naked. By its very terms, the statute requires a defendant to expose his or her genitals to another person in a manner that is likely to cause affront or alarm. In other words, to satisfy the elements of the crime of indecent exposure, a person must do something that would make his or her genitals visible to another person.

In this case, there is no evidence that defendant exposed his genitals to the view of another person, much less that he knowingly did so. Here, the witness testified that she saw a person near a black Toyota who was naked. However, the witness also stated that the person was not aware that she saw him, stayed very close to his vehicle, and was at a distance away from her that

was at least as far as the back corner of the courtroom. The witness also testified that the car had been in the parking lot for about a week but that this was the first time she had seen him. She also stated that she later thought she saw him getting dressed. The witness described the time of day as dusk. Additionally, she testified that there were no other people in the parking lot. Under these circumstances, there is no evidence that defendant knew the witness saw him or that he attempted to show, exhibit, or display his genitals to her. Although the People were not required to prove that the witness was subjectively affronted or alarmed, the statute does require proof that the defendant's "conduct would tend to cause offense or fear to a reasonable person." *Randall*, 711 P.2d at 693.

Because we conclude that the prosecution failed to present evidence of an exposure of genitals to the view of another person, we determine that defendant's conviction of indecent exposure must be vacated. In so concluding, we need not address defendant's contention that the statute requires that a witness actually see a defendant's genitals.

The judgment of conviction for obstructing a peace officer is reversed and the case is remanded for a new trial on that charge; the judgment of conviction for indecent exposure is vacated; the other judgments of conviction are affirmed.

Judge WEBB and Judge BERNARD concur.