The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Dale W. GROSS, Defendant–Appellant.

No. 00CA0700.

Colorado Court of Appeals, Div. I.

Dec. 20, 2001.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2001.

⬥369.2(4)

Ken Salazar, Attorney General, Rebecca A. Adams, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Richard A. Hostetler, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Dale W. Gross, appeals the judgment entered on a jury verdict finding him guilty of first degree criminal trespass, first degree burglary, retaliation against a witness or victim, second degree assault, third degree assault, two counts of domestic violence, and one crime of violence count. Defendant's sole contention is that the trial court erred in consolidating his cases for trial. We affirm.

Defendant was charged with multiple crimes in one case as the result of encounters with his former girlfriend (the victim) on July 24 and 27, 1998. In the July 24 incident, defendant entered the victim's home through the front door while she was in the shower. He displayed a knife to the victim, placed his hands on her throat, and pulled her hair. In the face of this show of force, the victim allowed defendant into the shower and had sexual intercourse with him.

On July 27, defendant entered the victim's home through a window, after which he pushed and slapped her and pulled her hair. He took the victim's car keys, and she left the house with him out of fear. Defendant drove the victim to a secluded spot in the mountains and had sexual intercourse with her.

Based on the events of July 24 and 27, defendant was charged with single counts of kidnapping and domestic violence and two counts each of second degree burglary, first degree criminal trespass, and third degree assault.

Defendant was charged with multiple crimes in a second case as the result of a September 9, 1998, encounter with the victim and her boyfriend. On that date, defendant entered the victim's home through the back door and attacked her boyfriend with a knife. After stabbing the boyfriend, defendant located the victim outside the house and put his hands on her throat and hair and forced her to the ground.

As the result of the September 9 incident, defendant was charged with attempted first degree murder of the boyfriend, first degree burglary, retaliation against a witness or victim, second degree assault of the boyfriend, violation of bail bond conditions, third degree assault of the victim, domestic violence, committing a crime of violence, and two counts of violating a restraining order.

The People filed a motion to consolidate both cases for trial. Defendant opposed consolidation on the ground that it was unduly prejudicial in violation of Crim. P. 14. The trial court granted the motion to consolidate in part, permitting the prosecution to try all the charges together except three counts related to bail bond and restraining order violations. The prosecution subsequently dismissed the latter three charges.

The attorney who represented defendant at the pretrial hearing on the prosecution's motion to consolidate was not the attorney who represented him at trial. Defendant's trial attorney did not renew the objection to the consolidation. After a jury trial, defendant was convicted of the charges from which he appeals and was acquitted on all other counts.

## I.

Initially, we must resolve the question whether defendant may raise the issue of improper consolidation on appeal. The People argue that defendant did not preserve the issue for review because he did not renew his pretrial objection to consolidation. We are not persuaded.

The supreme court has held that a trial court's failure to sever charges brought in a single information will not be considered on appeal where the defendant fails to raise the issue either during or at the close of trial or in a motion for a new trial. *People v. Aalbu*, 696 P.2d 796 (Colo.1985)(denial of defendant's pretrial motion to sever not preserved as an issue for appeal where not renewed during trial or at the close of evidence); *People v. Peterson*, 656 P.2d 1301 (Colo.1983) (appellate court had no jurisdiction to consider severance issue that was not raised in a motion for new trial). We believe that these cases are not controlling here.

In *Aalbu*, the defendant did not renew his pretrial motion, brought under Crim. P. 14, for severance of counts that were joined in the original indictment. Here, defendant objected to the prosecution's motion to consolidate indictments in separate cases, which is governed by Crim. P. 13. Thus, unlike in *Aalbu*, the prosecution rather than the defendant was the moving party with the burden of proof. *See Outlaw v. People*, 17 P.3d 150 (Colo.2001)(the burden of persuasion lies with the moving party).

We conclude that the circumstances here are analogous to those in a situation where a party objects during a pretrial hearing on a motion in limine. In such a case, to prevent "waste of time and fraying of patience," the objector is entitled to assume that the trial court will adhere to its initial ruling and that the objection need not be repeated. *People v. Pratt*, 759 P.2d 676, 686 n. 5 (Colo.1988)(quoting *McCormick on Evidence* § 52 (3d ed.1984)).

The reasoning in *Peterson* is likewise inapplicable in this case. There, the court relied on a rule of criminal procedure to conclude that it lacked jurisdiction over the severance issue raised by the defendant. The rule at issue, Crim. P. 33(a) (1984)(repealed 1985), limited appellate review to those questions presented in a motion for new trial. The rule in its present form contains no such limitation. *See* Crim. P. 33(a) (a party "need not raise all the issues it intends to raise on appeal in [a motion for a new trial] to preserve them for appellate review").

There are two reasons for requiring a defendant to renew a pretrial motion to sever. First, such a requirement alerts the trial court to the necessity of reconsidering its

prior ruling in light of the evidence presented at trial. Second, it allows the defendant to re-evaluate the issue of prejudice and to elect to proceed with a jury determination of the charges despite the risk of prejudice. *People v. Aalbu, supra* (quoting 2 *Standards for Criminal Justice* § 13.3(a) cmt. at 13–41).

Neither of these reasons is of any consequence under the present, less restrictive version of Crim. P. 33(a). The current rule allows the appellate court to review the trial record for prejudice.

Defendant's opposition to the prosecution's pretrial consolidation motion was sufficient to preserve the issue for appellate review. Therefore, we will consider the issue on the merits.

### II.

Defendant contends the trial court erred in consolidating the two cases for trial. We disagree.

■ Cases may be consolidated when the offenses in each could have been joined in a single information. Crim. P. 13. Consolidation is permissible if all of the offenses are of the same or similar character or are based on two or more acts or transactions that are connected together or are part of a single scheme and plan. *People v. Williams*, 899 P.2d 306 (Colo.App.1995).

■ A decision to consolidate lies within the trial court's sound discretion and will not be disturbed on appeal unless that discretion is abused. *Brown v. District Court*, 197 Colo. 219, 591 P.2d 99 (1979). A defendant may demonstrate an abuse of discretion by showing that consolidation caused actual prejudice and that the jury was not able to separate the facts and legal principles applicable to each case. *People v. Rosa*, 928 P.2d 1365 (Colo.App.1996). There is no prejudice where evidence of each transaction would be admissible in separate trials. *People v. Early*, 692 P.2d 1116 (Colo.App.1984).

Under CRE 404(b), a trial court may admit evidence of other misconduct to show motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

■ Section 18–6–801.5, C.R.S.2001, provides further guidance in domestic violence cases where the defendant and the victim have engaged in an intimate relationship. Under that statute, evidence of other acts of domestic violence between the defendant and the victim are admissible if offered to show common plan, scheme, design, identity, modus operandi, motive, guilty knowledge, or some other purpose. *People v. Raglin*, 21 P.3d 419 (Colo.App.2000).

■ To admit such evidence, the trial court must determine that: (1) the evidence relates to a material fact; (2) the evidence is logically relevant; (3) the logical relevance is independent of the prohibited inference that the defendant has a bad character; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *People v. Spoto*, 795 P.2d 1314 (Colo.1990).

■ Here, defendant used a common scheme to commit highly similar crimes. The crimes occurred within the span of a few weeks at the same location. Defendant did not stipulate to his intent, and the evidence of each incident was relevant to prove his intent and motive to commit burglary and the underlying crimes. *See People v. Snyder*, 874 P.2d 1076 (Colo.1994); *People v. Ramirez*, 18 P.3d 822 (Colo.App.2000). This logical relevance was independent of the inference that defendant acted in conformity with any bad character.

Moreover, the trial court instructed the jury that each count was separate and should be considered separately. The jury's verdict, which acquitted defendant of some charges while finding him guilty of others, indicates that the jurors understood and followed this instruction.

There was no prejudice to defendant and thus no abuse of discretion in the trial court's decision to consolidate the separate cases against him.

The judgment is affirmed.

METZGER and TAUBMAN, JJ., concur.