COLORADO COURT OF APPEALS 2017COA18

Court of Appeals No. 15CA0414
Weld County District Court Nos. 12CR424 & 12CR506
Honorable Shannon D. Lyons, Judge
Honorable Todd L. Taylor, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Bradford Steven Raehal,

Defendant-Appellant.

JUDGMENT AFFIRMED, SENTENCED VACATED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE HARRIS
Lichtenstein and Richman, JJ., concur

Announced February 23, 2017

Cynthia H. Coffman, Attorney General, Patricia R. Van Horn, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Krista A. Schelhaas, Alternate Defense Counsel, Littleton, Colorado, for
Defendant-Appellant

¶ 1    Bradford Steven Raehal was convicted of multiple sexual offenses in connection with his sexual abuse of two boys, S.F. and J.H.  On appeal, he argues that the district court erred in granting the prosecution's joinder motion, denying his motion to suppress evidence, and admitting unproven prior acts evidence under CRE 404(b).

¶ 2    We reject each of these contentions, and therefore affirm Raehal's convictions.  However, Raehal also contends that the court erroneously designated him a sexually violent predator without making the necessary findings.  We agree, and thus we vacate this designation and remand for appropriate findings.

## I.    Background

¶ 3    Raehal was living in the basement of S.F.'s family home when he was arrested for failing to register as a sex offender.  Shortly after the arrest, S.F. disclosed that Raehal had sexually assaulted him on numerous occasions.

¶ 4    During a forensic interview, S.F. detailed the assaults and reported that Raehal had taken nude pictures of him on a digital camera.  Police officers thereafter obtained and executed a search

1

warrant for Raehal's residence and seized the digital camera. Forensic analysis of the camera recovered thirteen previously deleted pictures of S.F. and Raehal engaged in sexual activity.

¶ 5    J.H., who also lived at S.F.'s house, initially denied that he was sexually assaulted by Raehal, but he later reported three separate incidents of sexual abuse. While the boys each reported different types of sexual contact, both S.F. and J.H. alleged that abuse occurred in Raehal's semitrailer, that Raehal had provided them with videogames, and that he initiated the contact by rubbing lotion on their backs.

¶ 6    Raehal was initially charged in separate cases for the incidents with S.F. (12CR424) and the incidents with J.H. (12CR506). The prosecution moved to join the cases before trial, and the district court granted the motion over defense counsel's objection.

¶ 7    After a jury trial, Raehal was convicted of two counts of sexual assault on a child by one in a position of trust (one for acts against S.F. and one for acts against J.H.) and two counts of sexual assault on a child as part of a pattern of abuse (one for acts against S.F. and one for acts against J.H.). He was further convicted of two

counts of sexual exploitation of a child for the possession and production of sexually exploitive material relating to the pictures taken of S.F. In a separate proceeding, Raehal was adjudicated a habitual sex offender against children. The district court designated him a sexually violent predator and sentenced him to 112.5 years to life in the custody of the Department of Corrections.

## II.    Joinder

¶ 8    Raehal contends that the district court erred in joining the cases alleging abuse of S.F. and J.H. While he admits that S.F.'s testimony would have been admissible as CRE 404(b) evidence in the case relating to J.H., he insists that the cases were improperly joined because the explicit photographs depicting Raehal and S.F. engaged in sexual acts would not have been admissible in J.H.'s trial.

¶ 9    Although Raehal objected to the pretrial joinder of the cases, the People contend that Raehal waived this claim because he did not renew his objection during trial. *See People v. Bondsteel*, 2015 COA 165, ¶ 27 (*cert. granted* Oct. 31, 2016). We disagree, and conclude that the claim was adequately preserved.

¶ 10     The division in *Bondsteel* held that an objection to joinder is unpreserved if not renewed at trial, *id.*, but the division also acknowledged that its holding departed from nearly fifteen years of contrary precedent.  *See People v. Gross*, 39 P.3d 1279, 1282 (Colo. App. 2001) (requiring only a pretrial objection to preserve the issue). Raehal's trial preceded the *Bondsteel* decision.  Accordingly, we decline to impose its new rule on Raehal.  *See Bondsteel*, ¶ 30 (recognizing that, "[t]o hold that the issue is waived, despite this precedent, could be a retroactive application of a new rule, which might implicate due process").

¶ 11     A trial court may order two or more criminal complaints to be tried together if the offenses could have been joined in a single complaint.  Crim. P. 13.  Two or more offenses may be charged in the same charging document if the offenses are of the same or similar character or are based on two or more connected acts or transactions or parts of a larger scheme or plan of action.  Crim. P. 8(a)(2).

¶ 12     We review a decision concerning the joinder of separate charges for an abuse of discretion.  *People v. Curtis*, 2014 COA 100,

4

¶ 14. An abuse of discretion occurs when the joinder causes actual prejudice as result of the jury's inability to separate the facts and legal theories applicable to each offense. *Id.* at ¶ 15; *People v. Gregg*, 298 P.3d 983, 985-86 (Colo. App. 2011). There is no prejudice where evidence of each offense would be admissible in separate trials. *Gregg*, 298 P.3d at 986.

¶ 13 Pursuant to CRE 404(b), evidence of other crimes, wrongs, or acts is inadmissible if its relevance depends on an inference that the person has a bad character and acted in conformity with that character. However, this evidence may be admissible for other purposes. CRE 404(b); *see also* § 16-10-301(1), C.R.S. 2016 (permitting the prosecution to introduce evidence of other sexual offenses for any purpose other than propensity because "such evidence of other sexual acts is typically relevant and highly probative").

¶ 14 Raehal concedes that, under CRE 404(b), S.F.'s testimony describing the sexual assaults would have been admissible in a separate trial on the charges related to J.H., but he insists that the photographs depicting the abuse would not have been admissible.

5

According to Raehal, the court should have conducted a separate Rule 404(b) analysis with respect to the photographs and determined that the sexual conduct shown in the photographs was not sufficiently similar to the sexual conduct described by J.H. For example, Raehal says, S.F. and J.H. both testified that Raehal rubbed lotion on them as a prelude to sexual activity, but the photos did not depict that particular conduct.

¶ 15   We disagree that the district court was required to separately analyze the photos under CRE 404(b). Raehal does not allege that the taking of the photographs was an independent prior bad act under Rule 404(b). The photographs were admitted not to prove a common scheme or plan but simply to corroborate S.F.'s testimony. *See People v. Roark*, 643 P.2d 756, 762 (Colo. 1982) ("[P]hotographs are admissible to depict graphically anything a witness may describe in words."); *see also People v. Herrera*, 2012 COA 13, ¶ 33. When photographs are admitted for this purpose, the admissibility test articulated in *People v. Spoto*, 795 P.2d 1314, 1318 (Colo. 1990), is inapplicable.

¶ 16    Accordingly, we need only address Raehal's claim that the photographs were unduly prejudicial under CRE 403.  Pursuant to Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice."  CRE 403.  Photographs are not inadmissible "merely because they present vividly to the jurors the details of a shocking crime."  *People v. Villalobos*, 159 P.3d 624, 630 (Colo. App. 2006) (quoting *Martinez v. People*, 124 Colo. 170, 177, 235 P.2d 810, 814 (1951)).  Nor are they rendered inadmissible because these "grim details . . . might shock or otherwise upset the trier of fact."  *People v. Drake*, 748 P.2d 1237, 1248 (Colo. 1988).  Evidence is only unfairly prejudicial if it has an undue tendency to suggest a decision on an improper basis such as sympathy, hatred, contempt, retribution, or horror.  *People v. Rath*, 44 P.3d 1033, 1043 (Colo. 2002).  While the photographs are undoubtedly upsetting, given their probative value in corroborating S.F.'s testimony and proving the sexual assault, we cannot say that they are unduly inflammatory in the context of a sexual assault on a child case.  *See People v. Dunlap*, 975 P.2d 723, 747 (Colo. 1999) (Photos of entry wounds "were not particularly

shocking in the context of a murder."); *People v. Guffie*, 749 P.2d 976, 983 (Colo. App. 1987) (probative value outweighed prejudice of graphic pictures of homicide victim, even though witness had already testified to the contents of the photos).

¶ 17    Raehal also contends that the district court further erred by failing to provide an instruction limiting the purposes for which the jury could consider his conduct against S.F. in determining guilt as to J.H.  *See* § 16-10-301(4)(d).  However, because defense counsel did not request such an instruction when the evidence was introduced, we analyze this issue under the plain error standard of review.  *People v. Underwood*, 53 P.3d 765, 771 (Colo. App. 2002). Under plain error, we will reverse only if the error was obvious and "undermined the fundamental fairness of the trial itself so as to cast serious doubt on the reliability of the judgment of conviction." *People v. Miller*, 113 P.3d 743, 750 (Colo. 2005) (quoting *People v. Sepulveda* 65 P.3d 1002, 1006 (Colo. 2003)).

¶ 18    Even if we assume the court erred by failing to give a limiting instruction, any error did not affect the reliability of the judgment of conviction.

8

¶ 19    Although it did not provide a limiting instruction directing the jury not to consider any evidence of other acts as propensity evidence, the district court specifically instructed the jury that "[e]ach count charges a separate and distinct offense and the evidence and law applicable to each count should be considered separately, uninfluenced by your decision as to any other count." We presume the jury followed this instruction, which similarly limited the jury's consideration of the evidence. *See Curtis*, ¶ 23.

¶ 20    In sum, because any error could not have cast serious doubt on the reliability of the judgment of conviction,reversal is not required.

### III.    Seizure and Subsequent Search of Digital Camera

¶ 21    Raehal further contends that the district court erred in denying his motion to suppress the explicit photographs because the digital camera on which they were discovered was outside the scope of the search warrant. In the alternative, he asserts that even if the camera was properly seized, it was illegally searched because it was not analyzed until months later, long after the warrant had

expired. We reject both contentions and conclude that the district court did not err in denying Raehal's motion to suppress.

¶ 22 Appellate review of a ruling on a motion to suppress presents a mixed issue of fact and law. *People v. Pitts*, 13 P.3d 1218, 1221-22 (Colo. 2000). While we will defer to a trial court's findings of fact that are supported in the record, the trial court's legal conclusions are subject to de novo review. *Id.* at 1222.

¶ 23 The search warrant specifically authorized the seizure of "any and all computer systems and computer equipment," "any and all storage media," and "any and all computer peripheral devices attached or unattached to the computer to include but not limited to . . . physical devices which serve to transmit or receive information to and from the computer." The warrant also authorized the officers to look for and seize "images, video, or drawings which portray child pornography." In addition, the warrant affidavit reported S.F.'s statement that the defendant had taken digital pictures of him with a gray or silver digital camera.

¶ 24 In deciding whether items discovered during the execution of a search warrant are within the scope of the warrant, police officers

10

are not obliged to interpret its terms narrowly. *People v. Gall*, 30 P.3d 145, 153 (Colo. 2001).

¶ 25 We agree with the district court that digital cameras "are certainly physical devices that can transmit and receive information from computers," and, therefore, the digital camera seized from Raehal's residence was within the scope of the search warrant.

¶ 26 Moreover, when executing a warrant, officers may search the location, including any containers or "technological containers" at that location that are reasonably likely to contain items described in the warrant. *Id.* (upholding seizure of computer because it was reasonably likely to serve as a "container" for writings). Here, the officers were authorized to search for images of child pornography, and the digital camera was reasonably likely to serve as a "technological container" for these images, especially in light of the victim's statement, contained in the affidavit, that Raehal had taken pictures of him with a digital camera. Accordingly, the camera was properly seized pursuant to the warrant.

¶ 27 Raehal asserts, in the alternative, that even if the camera was lawfully seized, it was unlawfully searched because the forensic

11

analysis occurred outside the statutory fourteen-day time frame for executing the warrant.  *See* § 16-3-305(6), C.R.S. 2016; Crim. P. 41(d).  According to his argument, because the original warrant had expired before the camera was searched, unless the police obtained a second warrant, the later analysis of the camera constituted an unconstitutional warrantless search.

¶ 28     The warrant, though, was executed within the fourteen-day deadline.  The requirement that search warrants be executed promptly prevents officers from conducting searches long after the probable cause supporting the search has expired.  *See People v. Russom*, 107 P.3d 986, 991 (Colo. App. 2004); *see also United States v. Brewer*, 588 F.3d 1165, 1173 (8th Cir. 2009).  But in this case, when the warrant was executed, the officers still had probable cause to believe that the camera would be found in Raehal's house and that it would contain images of child pornography.

¶ 29     The officers were not required to conduct an analysis of the digital camera at Raehal's house.  Typically, search warrants which specifically authorize the seizure of technology contemplate the later

12

search of that media.  *See United States v. Gregoire*, 638 F.3d 962,

967-68 (8th Cir. 2011).[1]

¶ 30     And a second warrant to search properly seized media is not

necessary where the evidence obtained in the search does not

exceed the probable cause articulated in the original warrant.  *See*

*United States v. Evers*, 669 F.3d 645, 652 (6th Cir. 2012); *see also*

*United States v. Grimmett,* 439 F.3d 1263, 1268-69 (10th Cir. 2006).

Here, based on an affidavit establishing probable cause, the search

warrant expressly authorized the examination of any computer and

storage devices for images of child pornography.  Because the

images could not have been altered or deleted once the camera was

seized, probable cause for the search did not dissipate in the

interval between the initial seizure of the camera and its

subsequent search.  *Brewer*, 588 F.3d at 1173 (Because the

evidence at issue was "electronically-stored files in the custody of

---

[1] We note the Federal Rules of Criminal Procedure analog to Crim. P. 41(d) was amended in 2009 to state that, "[u]nless otherwise specified, the warrant authorizes a later review of the media or information consistent with the warrant.  The time for executing the warrant in Rule 41(e)(2)(A) and (f)(1)(A) refers to the seizure or on-site copying of the media or information, and not to any later off-site copying or review."  Fed. R. Crim. P. 41(e)(2)(B).

law enforcement[,] . . . the several months' delay in searching the media did not alter the probable cause analysis."); *United States v. Burgess*, 576 F.3d 1078, 1097 (10th Cir. 2009) ("Probable cause to search was unaffected by the delay and the reasons to search the computer and hard drives did not dissipate during the month and a half the items sat in an evidence locker."); *United States v. Syphers*, 426 F.3d 461, 469 (1st Cir. 2005) (One-year delay in searching computer after it was seized did not invalidate the search because the delay did not "cause[] a lapse in probable cause.").

¶ 31 The cases Raehal cites do not undercut this rule. In those cases, a second warrant to search electronic media was required because, while conducting the subsequent search of the media, evidence of a different crime was inadvertently uncovered. Generally, to continue to search for evidence of this second crime, a second search warrant is required. *See United States v. Carey*, 172 F.3d 1268, 1270 (10th Cir. 1999) (the original warrant authorized a search of the computer for evidence related to illegal drug sales; when the officers found evidence of another crime — possession of child pornography — another warrant was needed to search for this

14

evidence); *Grimmett*, 439 F.3d at 1268 ("[L]aw enforcement may not expand the scope of a search beyond its original justification."). Where, as here, the evidence uncovered on the media was within the scope of the original search warrant, the original warrant is sufficient to authorize the search. *See Grimmett*, 439 F.3d at 1268 (distinguishing *Carey* and concluding that the original warrant authorized the subsequent computer search because the evidence uncovered was within the original justification for the search and seizure of the computer).

IV.    Factual Predicate for CRE 404(b) Evidence

¶ 32    At trial, pursuant to Rule 404(b), the prosecution presented evidence of two previous incidents in which Raehal had sexually assaulted minor boys.  Raehal contends that this evidence was improperly admitted because the prosecution's offer of proof was inaccurate.  We are not persuaded.

¶ 33    Before a trial court may admit other acts evidence, it must first determine whether the prosecution has established by a preponderance of the evidence that the other act occurred and the defendant committed it.  § 16-10-301(4)(b); *People v. Gallegos*, 226

15

P.3d 1112, 1116 (Colo. App. 2009).  This determination may be made based on an offer of proof.  § 16-10-301(4)(c).

¶ 34    Prior to trial, the prosecution moved to admit evidence, pursuant to section 16-10-301 and Rule 404(b), that Raehal had previously sexually assaulted two young boys.  In the offer of proof, the prosecution summarized the boys' statements to police, which alleged that Raehal had sexually assaulted them after inviting them to his home to play video games.  The detective's reports were attached to the offer of proof.

¶ 35    Shortly after the boys' disclosures to the police, Raehal was charged with two counts of sexual assault on a child and one count of sexual assault on a child as part of a pattern of abuse.  Raehal was convicted of one count of sexual assault on a child, and a mistrial was declared on the other two counts.[2]

¶ 36    In the motion to admit the Rule 404(b) evidence, the prosecutor accurately stated that these acts "resulted in a

---

[2] While the pattern of abuse count was dismissed by the court, the second sexual assault on a child count was dismissed by the prosecution after the victim's mother stated that she did not want to put her child through another trial.

16

conviction for Sexual Assault on a Child in Adams County case 95CR1806." However, less accurately, she also averred that "[t]he defendant has been convicted of the offenses set forth in the Offer of Proof."

¶ 37    Despite the imprecise nature of this second statement, the court was not under any illusions that Raehal was convicted of both counts of sexual assault on a child arising out of the offer of proof. Rather, the court explicitly acknowledged that Raehal was only convicted of one count arising from these allegations, but nonetheless determined that the offer of proof was sufficient to find, by a preponderance of the evidence, that all of the prior acts occurred. *See Kinney v. People*, 187 P.3d 548, 554 (Colo. 2008) ("Prior act evidence can be admitted even though the defendant was acquitted of the criminal charges arising out of the act."). Accordingly, the district court's determination that the prior acts occurred was not based on erroneous information. Because Raehal does not otherwise challenge the admission of this evidence, we perceive no error.

## V. Designation as a Sexually Violent Predator

¶ 38    Finally, Raehal contends, and the People concede, that the district court erred by designating him a sexually violent predator without first making specific findings of fact on the record.

¶ 39    Section 18-3-414.5(2), C.R.S. 2016, requires district courts to make specific findings of fact regarding whether a defendant is a sexually violent predator.  *See People v. Loyas*, 259 P.3d 505, 512 (Colo. App. 2010); *People v. Tuffo*, 209 P.3d 1226, 1231 (Colo. App. 2009).  But here, the district court did not make any findings on the record on this issue.  Accordingly, we must vacate Raehal's sexually violent predator designation and remand for further findings.  *See Tuffo*, 209 P.3d at 1231-32.

## VI. Conclusion

¶ 40    The judgment of conviction is affirmed.  We vacate the district court's determination that Raehal is a sexually violent predator, and remand for further findings on this issue.

JUDGE LICHTENSTEIN and JUDGE RICHMAN concur.

18